United States v. Carlos Manuel Del-Valle-Cruz Mr. Burgos, good morning. Good morning, your honors. Attorney Jedrick Burgos, on behalf of Carlos Del-Valle, who is joining us today in the front row, I would like to reserve two minutes for rebuttal, if you so fit. Yes, you may. When I use, just to be clear, when I use the term conditions of release, I will be referring to both grouped sex offender treatment and no contact with minors conditions. I will do a two-part argument. Part one. Enforcing the waiver of appeal in this case will amount to a miscarriage of justice. A parent has an eight-year-old son. It's well known that the relationship between a parent and a child is a fundamental liberty interest protected by the Constitution. For that reason, I invite this Court to follow the Fourth and Eighth Circuits, which hold that a condition of release that interferes with the defendant's constitutional liberties, such as raising his child, must be adequately explained or else their imposition would undermine the fairness and integrity of the proceedings. In Del-Valle's case, additional supervised release terms number 13 and 15 do interfere with his constitutional right to raise his child. But more importantly, I believe, it interferes with his child's natural right to be raised by his parents and to benefit from that relationship. The District Court did not explain its reasons for imposing these conditions, nor are they apparent from the record. There is no indication that Del-Valle would be a threat to his child, yet the District Court chose to place a probation officer between a son and his parent. Upholding those conditions constituted clear and obvious error, which affected Del-Valle's substantial rights and impaired the fairness, integrity, and reputation of judicial proceedings. That's why honoring the appeal waiver as to the no contact with minors conditions, in this case, would amount to a miscarriage of justice. Now, should the appeal waiver be triggered as to the sex offender treatment? Before you go to the treatment, can I just understand what the remedy you're seeking is for the no contact? As to both, no contact. No, no. What remedy are you seeking as to the no contact requirement? What do you want us to do if we agreed with you that there was a miscarriage of justice as to that particular? To vacate the no contact with minors conditions. Vacate it entirely? Yes, Your Honor. And that goes beyond the eight-year-old child point? That is correct. And so what's the argument for why we should vacate it in its entirety? What's the argument for why the whole thing is misguided? I believe, number one, because there's no evidence on the record to sustain it, basically. And, of course, there's scientific evidence does not support it either. Well, Counselor, his original sex offender conviction, even though remote, had to do with him fondling a 15-year-old, which is legally a minor. That is correct. So there is a connection between that condition and at least his original conviction. Isn't that fair to say? That is fair to say. And so the court imposed an order that he could have no contact with minors without the permission of his probation officer. That is correct. Has he sought to have permission from his probation officer to have contact with his son? He has. And has that been granted or denied? It's pending, Your Honor. Pending. Pending what? When did he make the request? I did it about a month ago over the phone. So perhaps I would have to file a motion to officially ask for it. So that would be the reason. But you're saying that if probation does grant that, that's inadequate for purposes of this condition? I would say it's inadequate because it's not justified on the record based on that remote condition, because the evidence is that for 17 years he has committed no sexual offenses. So your argument is remoteness and rehabilitation? That is correct. I thought in your brief you also were arguing that, and you referenced it here, that given the fundamental liberty interest entailed in the raising of one's own child, that absent an explanation you should not be in the position of having to go to the probation officer at all. That is correct. Okay. But how does that apply? Does that apply, that same argument apply more broadly than just with respect to the part of the sentence that applies to one's own child? Some courts vacate in part. They say the portion of the no contact provision that would preclude contact with the child is invalid, but they don't do more than that. You're asking us to vacate the entire no contact provision. What I'm trying to get at is why we would go that extra step. Is it because part of raising a child might be that you get to have a birthday party with kids, that you get to see his cousins? No, just because if you're asking about the merits, not the miscarriage of justice problem, is that what you're asking, the merits? Well, I want to know what the miscarriage of justice could be, the imposition of the no contact rule as to his own child. We could vacate that part of the sentence and say you've got to explain that if you want to extend it. Or we could say the remedy is the whole no contact provision is unjustified, at least on this record, and so we vacate the whole thing. It all goes back to resentencing on that. I have an argument as to that. Thank you. To support that. And it is this. The waiver should not be triggered as to the no contact with minors, broadly speaking, and as to the sex offender treatment conditions as a whole, those two things, for this analysis specifically. Because the no contact on the sex treatment conditions should be set aside based on the same grounds, that is, lack of scientific evidence, and number two, my client's track record during these 17 years, a miscarriage of justice finding with regards to the no contact with his child condition should open the door to assessing the merits of the sex treatment conditions and the no contact with minors condition broadly. Why? Because otherwise a contradictory result would be reached by this court by, on one hand, allowing Del Baggi to freely interact with his child because he's not a danger to him, and on the other hand, precluding him from relationship with other children and giving him sex treatment that he does not need. I feel for that contradiction is that this court should open the door to considering and assessing the no contact with minors broadly and the sex offender treatment provisions. Does that answer the question, Your Honor? Your time is up. Do I have any time left? No. Okay. Is there any additional question? I'll leave it. Thank you. We'll take everything else on the brief. Thank you. Mr. Perez? Good morning, Your Honor. Nelson Perez on behalf of the United States. Let me ask you something to begin with. Do I understand that his only violation here is his failure to register? His failure to register, that's correct. That's what we're dealing with. Yeah, yeah, that's the failure to register. But as Judge Thompson pointed before, that stems from a prior offense in the United States. Well, you wouldn't have. Of course, if not, yeah. Of course. But the type of offense is what has some sort of a link to the particular condition that's being challenged. Well, that's what I would like to explore. He engaged in some illegal sexual battery some 1997. That's 17 years ago. And he failed to register. But in between, he had other transgressions with the law. Well, are they sex? Not yet, yeah, but still, the law is clear that the conditions, when the court reviews the conditions of supervised release, it's usually under a particular prison. And I would like to cite from a recent opinion. Wait, before you go citing, I still want to know the facts. Uh-huh. Okay. What are the violations that he has engaged in during these 17 years? Well, he had the violation he had. What? What were they? Well, the violation in which he had an encounter, a physical encounter, with a woman he was living with in the United States in Florida. That's been outlined in a brief taken from the PSR, which was unopposed. That was 11 years ago? Yeah, that was in 2002, if I recall correctly. Was it an assault and battery? Yeah, something to that effect, in which he harmed the woman. That was an adult? No, she was an adult, but there was a presence of a child, if I recall correctly. It's outlined in a brief. What else? And he incurred in other violations, which show noncompliance with conditions and not observing the rules he's supposed to be following. So in that respect, although I understand the allegation made by brother counsel, those allegations, as I finally determined, are not written in stone, and he can bring them up at some point. And he himself conceded that that has been brought before the probation officer. Wait a minute, because frankly, I am curious. No, I mean, is failure to register a sexual offense? No, it's not a sexual offense. Okay, that's all I wanted to know. We agree on that. So why is a violation of failure to register require these other things that the court has imposed? Yes. It has to do with sexual violations. Yes, it's not directly a sexual violation, but still the court, in analyzing the validity of the conditions imposed, can look to a number of factors, and that's it. The court allows me. I would like to cite from that recent opinion, U.S. v. Santiago, which we have included as part of our reference through our Rule 28-J letter, and it says the conditions must just be reasonable related to one or more of the goals of supervised release, the nature and circumstances of the offense, and the history and characteristics of the defendant. You have to take a look at all the encounters or brushes that he had with the law in analyzing that. The need to deter criminal conduct, the need to protect the public, and the needed training or treatment of the defendant. So it's a cumulus of factors that the court is going to look in assessing whether the conditions should stand or not. Can I ask you, the posture this case comes to us is because there was not an objection to the no-contact provision below. It's possible the district judge had no idea when he issued the no-contact provision that that would preclude the defendant from having contact with his child. Probably, yes. Okay. We now know that. You don't dispute that, right? No, no, I don't dispute that. Does the government still believe, now knowing that, that it would be appropriate on this record to prevent him for his life from seeing his child? Well, I find the compelling emotional and psychic impact of the allegation. So why is the government defending the no-contact provision as applied to the child? As applied to the child because we think, as I state at the end in my brief, that the conditions are not written in stone. No, I understand that, but do you think it would not be a miscarriage of justice if the conclusion was that for life he could not see his child? I think so. Do you think it would be a miscarriage of justice? Well, it depends and it needs to be evaluated. By whom? I think, as the law provides, I think that the process requires that the motion be filed and that be explored. So on this record, you think that a just outcome would be that the decision of whether this defendant gets to see his child ever again is in the hands of the probation officer? No, no, it's not in the hands of the probation officer. Whose hands is it in then? It's in the hands of the court. The court is supposed to go over that. But as I understand the process, it has been explained over to me, once you make that challenge, you know, the movement can move forward and that can even reach, you know, the courts. It was initially the case. What in this record could you point to that suggests that it would be just to require, on this record, this defendant to have the determination of his relationship with his child depend on? I don't think that the record as it stands provides sufficient conditions. Well, then why are you defending it as applied to that? Because we understand that when the court imposed the condition which was not imposed. But we're now here, and I guess I'm understanding, you know, you concede other things sometimes. Why are you still insisting that the no-contact provision is not a miscarriage of justice as applied to his own child? Well, I think that's something that needs to be explored, and I have not denied that. I have not denied that. But what I'm saying, and I stated from the beginning, is that the process itself provides for an analysis of that at a given moment. And that's the closing paragraph in my brief in which I state that. So I think, you know, the remedy is there. So you want us not to explore it, but you think it would be appropriate for the district court to reconsider it? Is that what you're saying? Well, what I say is that the condition was not improperly imposed at that time for the reasons that I stated, procedural reasons. There was no objection whatsoever to that condition. We understand that. Okay. If you could answer my question. Well, at this point, I would say, you know, that the record does not provide a foundation for the condition as such. It's something that, as I said, would have been remedied when the moment came. But if the court wants, of course the court has the absolute power. It can send a case for further exploration of that condition or for the justification of that condition as the record now stands. All right. But what I wanted to say, and I insist, is that when the court imposed the conditions, there was nothing in the record to justify that he was doing something improper. All right. Tell me, when the court imposed the imposition that he has submitted mandatory sex offender treatment program, what justifies that in view of the fact that he hasn't committed any sex offense in 17 years? Yeah, yeah. That particular condition, I think, is based on the same thing. It's something that, to my understanding, and I would just echo the words of my colleague in the prior case, that the courts usually do things more or less on a routinary basis. And since there was a violation here in this case, which involved a minor, it was a sexual violation. Of course, this is why the SORNA thing comes up. That was not totally unfounded. That's as much as I can say on the record as it stands. Thank you. Did the government at sentencing recommend that condition? No. Those conditions, the sentencing, the defendant had reviewed the PSR with his attorney. No. The conditions were in the PSR. I understand the PSR. Yeah. The question is, did the government at sentencing stand before the court and say, we recommend the conditions as suggested in the PSR? No, I don't recall that exactly. The court just read over the conditions as they had been recommended in the PSR and of which the defendant was aware. Thank you. If there are no further questions, I ask permission to withdraw. Thank you. He's got two minutes. He's got two minutes. Oh. Okay. That was three minutes. Good. Thank you. Good choice. Right answer.